Luis Eduardo **ALVAREZ SUNS;** et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–74207.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Rhoda Wilkinson Domingo, Esq., Law Offices of Rhoda W. Domingo, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Kenneth W. Rosenberg, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Luis Eduardo Alvarez Suns and his wife, Marisol Camelo Lasso, natives and citizens of Colombia, petition for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), we deny the petition.

■ Substantial evidence supports the determination that Alvarez Suns failed to present sufficient evidence to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Alvarez Suns's reliance on prior verbal threats as evidence of past persecution is unavailing. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution). Additionally, substantial evidence supports the determination that Alvarez Suns' fear of future persecution based on his prior employment with the company Datacentrum is too speculative to warrant relief. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005) (stating that a fear of future persecution that is too speculative cannot support an asylum claim).

■ Because Alvarez Suns failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

■ Finally, Alvarez Suns is not entitled to relief under CAT because he did not demonstrate that it was more likely than not that he would be tortured if returned to Colombia. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.